UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

Michell B. Deville, et al                    Civil Action No. 06-1451

versus                                       Judge Tucker L. Melançon

Louis Dale Marcantel, et al                  Magistrate Judge C. Michael Hill

### MEMORANDUM RULING

Before the Court are Plaintiffs' Motion to Reconsider Order Dismissing State Law Claims Without Prejudice [Rec. Doc. 88] and defendants' Motions to Reconsider Order Dismissing State Law Claims Without Prejudice [Rec. Docs. 90; 92; 93].

### *I. Background*

On September 27, 2007, after considering defendants' motions for summary judgment, *R. 40;42;44;46,* the Court issued a Memorandum Ruling and Judgment dismissing plaintiffs' federal claims with prejudice and declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims, thus dismissing those claims without prejudice. *R. 86; 87.* In their motion to reconsider, plaintiffs request that the Court reinstate plaintiffs' state law claims and remand them to the Thirteenth Judicial District Court, Evangeline Parish, Louisiana for further adjudication. Defendants also move the Court to reinstate plaintiffs' state law claims, but to do so in order to reconsider its decision declining to exercise

supplemental jurisdiction over the state law claims and dismiss those claims with prejudice.

Plaintiffs filed this action on August 24, 2006, alleging claims of false arrest, false imprisonment, malicious prosecution, excessive force, battery, conspiracy and vicarious liability under 42 U.S.C. § 1983 and state tort law. *R. 1.* The case was removed to this Court on August 30, 2006, the scheduling order issued on October 20, 2006 and the trial was scheduled for November 19, 2007. *R. 7; 22.* In light of the history of this case and because the federal and state law claims are not separate and independent causes of action, but rather involve the same set of facts and evidence, the Court will grant the parties' motions to reconsider and reinstate the state law claims. Thus, these claims will be considered under defendants' motions for summary judgment [Rec. Docs. 40, 42, 44, 46] and plaintiffs' opposition thereto [Rec. Doc. 54].

## *II. Analysis*

Defendants, Louis Dale Marcantel, individually and in his official capacity as Chief of Police for the Village of Turkey Creek, Dewayne Tarver, individually and in his official capacity as a Police Officer for the Village of Turkey Creek, and the Village of Turkey Creek each request the Court to dismiss plaintiffs' state law claims with prejudice. The motions will be addressed as follows.

*A. Chief Marcantel and Officer Tarver*

*1. False Arrest/False Imprisonment and Malicious Prosecution Claims*

In Louisiana, if an arrest is made either without any legal process or warrant or under a warrant void and null upon its face, a false arrest or imprisonment has occurred. *Ross v. Sheriff of Lafourche Parish,* 479 So.2d 506, 510 (La.App. 1 Cir.,1985). However, if a person is arrested pursuant to statutory authority, there is no liability for damages for false arrest or imprisonment. *Id.* (citing *Kyle v. City of New Orleans,* 353 So.2d 969, 971 (La. 1977)). In its Memorandum Ruling, the Court found that the arrests of Michell Deville were made pursuant to statutory authority and Chief Marcantel's and Officer Tarver's actions in arresting Michell Deville were not unreasonable as the totality of facts and circumstances were sufficient for a reasonable person to conclude that the plaintiff had committed or was committing one or more offenses.

The resolution of plaintiffs' malicious prosecution claims, turns on whether a reasonable officer in Chief Marcantel or Officer Tarver's positions could have reasonably believed he had probable cause to arrest Michell Deville.[1] In civil cases,

---

[1] The elements which must be established to prevail in a malicious prosecution action are: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for the original proceeding; (5) the presence of malice therein; and (6) damage resulting to the plaintiff.

probable cause is a standard of proof employed in defense of malicious prosecution claims. *Jenkins v. Baldwin,* 801 So.2d 485, 496 (La.App. 4 Cir., 2001) (citing *Jones v. Soileau*, 448 So.2d 1268 (La.1984)). In the absence of probable cause, the crucial determination in a malicious prosecution action is whether the defendant had an honest and reasonable belief in the guilt of the plaintiff at the time he pressed charges. *Gibson v. State,* 758 So.2d 782, 794, (La.2000)

Based on the Court's prior Memorandum Ruling that Chief Marcantel and Officer Tarver had probable cause to arrest Michell Deville and did not act unreasonably in those arrests, plaintiffs' state law claims of false arrest/imprisonment and malicious prosecution will be dismissed.

### 2. Excessive Force Claims and Battery

Plaintiffs also assert that the Village of Turkey Creek officers used excessive force. Under Louisiana law, the same standard is used in analyzing a state law claim of excessive force as a constitutional claim, namely reasonableness under the circumstances.[2] *Reneau v. City of New Orleans*, 2004 WL 1497711, *4

---

[2] Factors to consider in making a determination of whether the force used by a police officer to effect an arrest was reasonable under the circumstances include: (1) the known character of the arrestee; (2) the risks and dangers faced by the officer; (3) the nature of the offense or behavior involved; (4) the chance of escape if the particular means are not employed; (5) the existence of alternative methods of arrest or subduing the arrestee; (6) the physical size, strength and weaponry of the officers as compared to that of the arrestee; and (7) the exigencies of the moment. *Kyle v. City of New Orleans*, 353 So.2d 969 (La.1977).

(E.D.La.,2004) (Fallon, J) (citing *Kyle v. City of New Orleans*, 353 So.2d 969, 973 (La.1977)("Whether the force used is reasonable depends upon the totality of the facts and circumstances in each case. A court must evaluate the officers' actions against those of ordinary, prudent, and reasonable men placed in the same position as the officers and with the same knowledge as the officers.")). As the Court has found that, under the totality of the facts and circumstances in this case, Chief Marcantel and Officer Tarver acted reasonably, plaintiffs' state law claims of excessive force must fail.

Under Louisiana law, the use of reasonable force to restrain an arrestee shields a police officer from liability for battery. As the Court has found that defendants actions were not unreasonable or excessive, plaintiffs' claims of battery will also be dismissed.

### *3. Conspiracy*

Plaintiffs state a cause of action for civil conspiracy under state tort law. Louisiana Civil Code Article 2324 (A) provides that "[H]e who conspires with another person to commit an intentional or willful act is answerable, in solido, with that person for the damage caused by such act." The conspiracy by itself is not the actionable claim under La. Civil Code art. 2324, it is the underlying tort the conspirators agree to perpetrate and actually accomplish that constitutes the

5

actionable element of the claim. *Barnhill v. Remington Oil and Gas Corp.*, 918 So.2d 52, 60 (La.App. 4 Cir., 2005) (citing *Ross v. Conoco, Inc.*, 828 So.2d 546, 552 (La. 2002)). As the Court held in its Memorandum Ruling, plaintiffs have alleged no facts which would indicate defendants' actions were motivated by ill will towards Michell Deville. Nor have plaintiffs provided any evidence or argument to support their claims of conspiracy against Chief Marcantel or Officer Tarver. Accordingly, plaintiffs' state law conspiracy claims will be dismissed. *R. 86.*[3]

### B. The Village of Turkey Creek

Plaintiffs allege that the Village of Turkey Creek is vicariously liable for the acts of Chief Marcantel and Officer Tarver for false arrest, false imprisonment, malicious prosecution, excessive force, battery, and conspiracy. As plaintiffs have failed to sustain these causes of action against Chief Marcantel and Officer Tarver, their claims against Village of Turkey Creek for vicarious liability must also be dismissed.

### III. Conclusion

For the foregoing reasons, the motions to reconsider will be granted. Upon further consideration of the motions for summary judgment filed by all defendants as

---

[3] Based on the Court's dismissal of plaintiffs' state law claims, Ricky Deville's derivative claim of loss of consortium must also be dismissed.

well as the motion for judgment on the pleadings filed by the Village of Turkey Creek, *R. 40,42,42,46*, and plaintiffs' memoranda in opposition thereto, *R. 53, 54,* the Court will grant defendants' motions and plaintiffs' federal and state law claims will be dismissed with prejudice.